O’Brien, J.
This is an appeal from an order in this- action, and the record discloses a condition of things so complicated and anomalous as to render an examination of the case, and any attempt to unravel the web in which the parties are involved, quite difficult. The case illustrates how a very plain and simple issue may be obscured and the rights oE the parties lost sight of by errors or mistakes in the procedure. In an ordinary action for the recovery of the price of goods sold, the parties have become involved in a hopeless tangle of judgments, orders and appeals, without having yet, in any legal sense, touched the original question in dispute. We do not propose to consider these proceedings in their technical character since we have arrived at the conclusion that the case ought in some way to be brought back to the point from which the parties and their counsel have wandered in controversies arising from the peculiar and mistaken methods of procedure that have been followed. The action was commenced by the plaintiff in February, 1889, against George E. Fuesclisel, the defendant’s testator, who died subsequent to the joining of issue in the action. The complaint states a cause of action for the recovery of the price of certain carloads of cauliflower, and the price is stated at a gross sum, besides a certain portion of the profits made or to be made by the defendant upon the preparation and sale of the goods. The defense was substantially a general denial, a breach by the plaintiff of the agreement between the parties and a counterclaim.
In March, 1890, the issues in the action appear to have been regularly tried by the court, and, upon findings of fact .and law then made, the complaint was dismissed. There were two conclusions of law stated in the decision: (1) That the plaintiff has established no cause of action against the defendant, and (2) that the defendant is entitled to judgment dismissing the complaint, with costs. On this decision judgment was entered on the first Monday of March, 1890, adjudging-that the complaint be dismissed upon the merits, and that the defendant recover of the plaintiff the sum of §220 costs. So far the proceedings, are quite intelligible. But it is claimed by the counsel for the plaintiff on his brief here, that in some way, the parties were transposed in the decision, and that the court, in fact, did not intend to dismiss the plaintiff’s complaint, but the defendants’ counterclaim. There is nothing in the record before us to show this, except possibly, the order which was subsequently made.- This order appeal's to have been granted more than a year afterwards on April 10,1891, jipon the plaintiff’s application, and, after reciting the trial of the action, the dismissal of the complaint, the entry of judgment for the defendant, the denial of a motion by plaintiff for a new trial on the ground of irregularity and surprise with leave to apply for leave to amend the judgment, the order then directs that the judgment, entered about a year before in favor of the defendant, be amended by adding the following provisions at the foot of it: (1) That a referee who was named, be appointed to take and state an account between the plaintiff and defendant concerning the matters alleged in the complaint and stated in certain of the find *310 ings of fact mentioned ; (2) that the referee report thereon to the court with the testimony taken ; (3) that the first and second conclusions of law in the decision referred to be stricken out; (4) that the clerk correct the judgment record and docket of the judgment in the case accordingly. We. cannot know what reasons moved the court to make this, order since the papers upoh which it was granted do not appear in the record. It may be that it was intended to authorize a vacation of the judgment entered for the defendant The court had the power, if it appeared that it had been entered by some mistake, irregularity or error which deprived i.t of the character of the judgment of the court, as intended by the trial judge, to vacate it, or to set it aside for any error of law or fact committed at the trial, so far as power is given to the trial court for that purpose by the Code. But it appears that the judgment for the defendant dismissing the complaint and for costs was never in fact vacated, and it still remains upon record as the final disposition of the issues in the case.
But the parties appearel before the referee named in the order, from time to time; and proof was given before him at length touching the merits of the case. The referee reported to the court in obedience to the order, and on the 13th of November, 1893, the court confirmed it, overruling the defendants’ exceptions to the same, and directing the clerk to enter judgment for the plaintiff for over $5,000.
In this way a judgment for the defendants dismissing the complaint has been changed to a judgment for the other side. The defendants appealed to the general term from the judgment, and also from the order which appointed the referee and amended the original judgment already referred to. That court -reversed the order and vacated the judgment in favor of the plaintiff by an order entered March 16, 1894.
It appears from the opinion of the court that the reversal proceeded upon the ground that the court at special term had no power to amend the judgment in the particulars stated. The amendment of the judgment in the manner stated and the appointment of a referee to take proofs and report, notwithstanding the existence of a judgment in favor of the defendants dismissing the complaint, was not, we think, a matter resting in discretion, but a question of power. The appointment of the referee, being without jurisdiction, all the proceedings based upon the order, including the judgment for the plaintiff, depended upon'it and fell with it. It is the decision of the general term in making' this order of reversal that is sought to be reviewed by this appeal; We think that the order was properly reversed and the judgment following it properly vacated. There are some further complications presented by a motion to dismiss an appeal from another judgment, which motion has been submitted with this appeal.
It appears that, what is called a judgment, was also entered upon that part of the order of the general term which vacated ' the judgment for the plaintiff on the report of the referée. Who entered this so-called judgment, or what it adjudges, does not appear, as it is not in the record or described in the motion-papers. *311 It does appear, however, that after it was entered, and in May, 1894, the plaintiff appealed from it to this court, just as if the court below had reversed instead of vacating the judgment upon the report of the referee. Of course there was no basis for any judgment and no autnority to review the general term in that wav. In November, 1894, after the appeal to this court, the general term vacated the so-called judgment from which the appeal was taken, and this leaves the plaintiff with an appeal in this court from a judgment which has been vacated, since the appeal, by the court in which it was rendered. It is plain that the defendants are entitled to have it dismissed. It appears, also, that .another appeal in behalf of the plaintiff has been taken to the .general term from the judgment in favor of the defendants dismissing the complaint, which was entered on the first Monday of March, 1890, already mentioned. A motion to dismiss it has been made by the defendants and denied. There seems to be some question in regard to the right of the plaintiff to have the ■appeal heard, but just what it is, does not appear. It is quite possible that the plaintiff may have a meritorious cause of action which is in danger of being lost in the contention over questions -of practice. The action of the trial court in appointing the reference, the report of the referee and the order confirming the report and directing judgment in his favor would seem to give considerable moral support, at least to that view. He ought to have an opportunity to present his case to the court and to procure a judicial determination of the. issues involved. If the judgment first entered dismissing the complaint is.in fact such a determination and not the result of mistake, irregularity, or error, within the power of the trial court to correct, then his only remedy is to pursue his appeal from it. Whatever reasons were made to appear to the court, or in fact existed, for the appointment of the referee, would seem to be of at least equal weight upon a motion to -vacate, correct or set aside the judgment,'and if, as it now stands, it does not represent the actual decision upon all the issues, it .should be set aside or vacated. The court has large powers over its own judgments, and, we think, that fairness to all concerned demands that this case should be remitted to the special term for the exercise of its discretion in that regard as the facts appearing may require.
The order appealed from should be affirmed without costs to either party, but with leave to the plaintiff „to move at special term to vacate or set aside the judgment of March, 1890, or to renew his motion for a new trial, and the motion to dismiss the appeal pending in this court from the subsequent judgment should be granted, without costs.
All concur.
Ordered accordingly.