■ ROCHELLE SIMON, Respondent, v ALAN WOHL, Appellant. — In an action on a separation agreement to, *inter alia,* recover arrears in child support, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Levitt, J.), entered September 21, 1981, which granted plaintiff's motion for summary judgment on her first cause of action and to dismiss defendant's affirmative defense, denied defendant's cross motion to amend his answer to include certain affirmative defenses, and awarded judgment to plaintiff on her first cause of action in the principal sum of $14,130. Order and judgment modified by striking the first and third decretal paragraphs thereof and substituting therefor a provision denying plaintiff's motion in its entirety. As so modified, order and judgment affirmed, without costs or disbursements. Summary judgment is a drastic remedy and should not be

granted where there is any doubt as to the existence of a triable issue of fact (see, e.g., *Rotuba Extruders v Ceppos,* 46 NY2d 223; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285). This record presents questions of fact concerning defendant's affirmative defense of oral modification. Although the separation agreement contains a clause prohibiting oral modification, the record demonstrates that it is probable that an oral agreement was made, which modified the child support obligations of the separation agreement and which has already been executed. Subdivision 1 of section 15-301 of the General Obligations Law does not preclude proof of executed oral modifications (*Rose v Spa Realty Assoc.,* 42 NY2d 338). We note, however, that the amended answer which defendant sought leave to serve contained affirmative defenses which were immaterial and insufficient. Defendant's cross motion for leave to amend his answer to assert such affirmative defenses was properly denied (3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.15; see *Mitchell v City of New York,* 44 AD2d 852). Damiani, J. P., Titone, Mangano and Boyers, JJ., concur.