■ MICHAEL J. DEBRINO, JR., as Administrator of the Estate of EILEEN M. DEBRINO, Deceased, Respondent, v BENAQUISTA AND BENAQUISTA REALTY, INC., et al., Appellants, et al., Defendant.—Main, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered December 29, 1986 in Schenectady County, which, *inter alia, sua sponte* granted plaintiff leave to amend the complaint in a prior action.

On March 14, 1980, plaintiff's decedent tripped and fell on property owned by defendant Benaquista and Benaquista Realty, Inc. (hereinafter Benaquista) and sustained injuries. Thereafter, in July 1981 and within the three-year limitation period prescribed by CPLR 214 (5) to commence actions for personal injuries, plaintiff's decedent, then living, commenced an action against Benaquista, which, also within the three-year period, commenced a third-party action against defendant City of Schenectady Off-Track Betting Commission (hereinafter OTB), the lessee of the property where the injury occurred, defendant City of Schenectady (hereinafter the City) and defendant B & N Floor Covering Company, Inc. (hereinafter B & N). On March 15, 1985, plaintiff's decedent died and,

thereafter, within two years of the death, this wrongful death action was commenced by plaintiff against Benaquista, OTB, the City and B & N.

All defendants moved to dismiss the complaint in the wrongful death action on the ground, *inter alia,* that the Statute of Limitations had expired. Specifically, defendants argued that because the three-year limitation period for personal injury claims had expired prior to the death of plaintiff's decedent, there could be no revival of a wrongful death claim at the time of her death. Supreme Court, relying on *Duffy v Horton Mem. Hosp.* (66 NY2d 473), granted plaintiff permission to amend the complaint in the initial action to assert direct wrongful death claims against defendants and denied the motions of Benaquista, OTB and B & N as moot. From the order entered thereon, this appeal ensued.*

In *Horton,* the Court of Appeals recently resolved a split among the Appellate Divisions and held that a plaintiff's direct claim against a third-party defendant, which is asserted in an amended complaint, relates back to the date of service of the third-party complaint for purposes of the Statute of Limitations where said pleadings are based on the same transaction or occurrence and the third-party defendant was fairly apprised by the third-party pleadings *(supra,* at 478; *see,* McLaughlin, 1986 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C203:11, at 59 [1987 Pocket Part]). Supreme Court, noting that the third-party actions in the first action had been commenced prior to the expiration of the three-year Statute of Limitations prescribed in CPLR 214 (5), granted plaintiff permission to amend the complaint in the first action without a formal motion in the interest of judicial economy. B & N attacks Supreme Court's order as improperly applying the applicable Statute of Limitations provisions and effectively permitting consolidation and amendment in contravention of required procedure.

Although we find Supreme Court's interpretation of *Horton* essentially correct, it appears to us that the order appealed from requires modification to permit a more thorough application of the *Horton* holding. There can be no question that the wrongful death claims asserted in the instant action are barred by the Statute of Limitations, which expired three

---

* The City's motion to dismiss for failure to state a cause of action was granted and this aspect of the order is not at issue on this appeal. Moreover, OTB has withdrawn its appeal and Benaquista has acquiesced in the dismissal of its appeal; therefore, the only remaining appellant is B & N.

years after March 14, 1980 (CPLR 214 [5]) and were not revived upon the death of plaintiff's decedent in 1985 (see, e.g., *Kelliher v New York Cent. & Hudson Riv. R. R. Co.,* 212 NY 207, 212; *Myers v City of Plattsburgh,* 13 AD2d 866). Thus, B & N's motion to dismiss on the ground of the Statute of Limitations should have been granted.

Supreme Court cannot, however, be faulted for noting the possible application of *Horton* to the initial action. Under *Horton,* the third-party action in the initial action was commenced prior to the expiration of the three-year Statute of Limitations and any permitted amendment of the initial complaint would relate back thereto. What does not appear to have been considered by Supreme Court was whether B & N, as third-party defendant in the initial action, was fairly apprised by the third-party pleadings in the initial action of the matters to be involved in the amended complaint, an essential element under *Horton* (see, McLaughlin, 1986 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C203:11, at 59 [1987 Pocket Part]). In view of Supreme Court's failure to consider this issue, it is appropriate for plaintiff to move to amend the complaint in the initial action to permit consideration of the enumerated issue. We add that because of Supreme Court's decision and order, any such motion to amend should be deemed to relate back to the date of entry of the order appealed from herein.

Order modified, on the law, without costs, by striking the second, third and fourth decretal paragraphs thereof; motion by defendant B & N Floor Covering Company, Inc., to dismiss the complaint against it on the ground of the Statute of Limitations granted, without prejudice to a motion by plaintiff in action No. 82-813 to amend the complaint to add a cause of action for wrongful death against B & N Floor Covering Company, Inc.; and, as so modified, affirmed. Mahoney, P. J., Main, Casey, Weiss and Levine, JJ., concur.