■ MARY A. SCALLY, Respondent-Appellant, v JOHN F. SCALLY, Appellant-Respondent.—Harvey, J. (1) Cross appeals from an order of the Supreme Court (McDermott, J.), entered

December 28, 1988 in Albany County, which granted plaintiff's motion for partial summary judgment, and (2) appeal from that part of an order of said court, entered January 31, 1989 in Albany County, which granted defendant's motion for reargument and vacated its December 28, 1988 order.

The parties were married in 1971 and thereafter had two children. In 1977, they entered into a separation agreement which, among other things, provided that plaintiff was to have custody of the children and also exclusive possession of the marital residence as long as certain conditions were followed. Defendant was to pay child support in the form of residential expenses while plaintiff lived in the marital residence and $75 per week in the event she moved elsewhere. The parties were subsequently divorced in 1979. Pursuant to its terms, the separation agreement was incorporated into but not merged with the divorce decree.

Following execution of the agreement, plaintiff initially resided in the marital dwelling with the children but moved out after a few months for reasons disputed by the parties. Defendant moved back into the house and plaintiff moved into an apartment with the children. At that time, defendant began tendering the $75 weekly support allowance. However, plaintiff was apparently unable to make ends meet and, at some point, in 1980 or 1981, sent the children back to live with defendant. In 1986, the youngest child moved back with plaintiff. While defendant disputes plaintiff's contention that the children often stayed with her 2 to 5 days out of the week during this period, it is uncontroverted that defendant ceased making child support payments to plaintiff while the children resided with him. He alleges an oral modification of the agreement between the parties.

In May 1988, plaintiff commenced a plenary action against defendant upon the separation agreement seeking principally child support arrears and interest thereon from January 1980 and exclusive possession of the marital residence. While defendant's answer contained denials of plaintiff's allegations regarding his failure to make payments, he inadvertently failed to deny plaintiff's allegation contained in paragraph 12 of the complaint that $32,400 in child support arrears was due and owing. Defendant's answer also asserted the alleged oral modification of the parties' agreement as an affirmative defense and counterclaimed for lost wages as a result of having to care for the children.

Plaintiff then moved for partial summary judgment seeking dismissal of defendant's affirmative defenses and counterclaim

and an order awarding her the claimed past-due child support payments and exclusive possession of the marital residence. Defendant cross-moved for, among other things, permission to amend his answer to assert a denial of paragraph 12 of the complaint. Supreme Court granted plaintiff's motion but denied the cross motion in a December 28, 1988 order. Defendant filed a notice of appeal from this order and plaintiff cross-appealed from that part of the order which permitted the $32,400 award to be reduced by proof of prior payment and denied her request to prove damages for wrongful expulsion from the marital residence. However, in the interim, defendant sought leave to reargue and to vacate the court's order on the basis that the court's attention was not directed to Domestic Relations Law § 244. In an order entered January 31, 1989, Supreme Court granted permission to reargue and, upon reargument, vacated its prior order and set the matter down for a new hearing to determine the amount of support arrears, if any, defendant owed to plaintiff. Plaintiff filed a notice of appeal from that part of the order that granted reargument and vacated the December 28, 1988 order.

Initially, we find that the January 31, 1989 order of Supreme Court granting reargument and vacating its prior order must be reversed. Regardless of whether Supreme Court abused its discretion in granting defendant's motion for reargument as argued by plaintiff, Supreme Court erred in relying upon Domestic Relations Law § 244 as a basis for vacating its prior order. While Domestic Relations Law § 244 may be used to obtain judgments for defaults by spouses or others in the payment of sums required by the court in divorce, separation or annulment actions, "[p]ayments due under a separation or other marital agreement do not qualify" (Scheinkman, 1988 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 244 [1989 Pocket Part], at 123). Here, plaintiff commenced a plenary action to enforce the agreement. Therefore, the principles of Domestic Relations Law § 244 are irrelevant to the determination of this summary judgment motion. While the well-established rule precluding appeal from a vacated order (see, Duryea v Fuechsel, 145 NY 654, 657-658; 4 NY Jur 2d, Appellate Review, § 18, at 72; cf., Matter of Sunnydale Farms v Premium Dairy Co., 7 AD2d 737) might normally require dismissal of the appeal and cross appeal from the December 28, 1988 order, our conclusion that vacatur was improper renders the later order a nullity and revives the original December 28, 1988 order (cf., Duryea v Fuechsel, supra).

Turning to the merits of the parties' contentions regarding the propriety of the December 28, 1988 order, we find that Supreme Court improperly granted plaintiff's motion for partial summary judgment and denied defendant's motion to amend his answer. Leave to amend a pleading should "be freely given upon such terms as may be just" (CPLR 3025 [b]). Defendant made his motion quickly and there is no indication that plaintiff would have been prejudiced by the granting of defendant's motion. Since it is clear even from an examination of the answer itself that defendant's failure to insert a denial as to his obligation to pay support was inadvertent, Supreme Court abused its discretion by failing to grant defendant's cross motion.

With respect to plaintiff's motion for partial summary judgment, we note that summary judgment is a drastic remedy that should not be granted when there is any doubt as to the presence of a triable issue of fact *(Munzer v St. Paul Fire & Mar. Ins. Co.,* 145 AD2d 193). Here, the record reveals a triable issue of fact regarding the existence of executed oral modifications of the separation agreement whereby defendant would have custody of the parties' children and support payments to plaintiff would cease. Although the agreement did contain a clause prohibiting oral modification, case law has recognized that this fact does not preclude proof of an executed oral modification *(see, Simon v Wohl,* 93 AD2d 818, 819; *see also,* General Obligations Law § 15-301; *Savino v Savino,* 146 AD2d 766). Notably, since plaintiff alleges that defendant breached the contract in 1980 but she did not commence this action until 1988, the issue of whether she waived or ratified any alleged breach by defendant should be considered *(see,* 57 NY Jur 2d, Estoppel, Waiver, and Ratification, §§ 74, 76; *cf., Bettino v Bettino,* 112 AD2d 181, 182).

Finally, the conflicting evidence submitted by the parties regarding whether plaintiff voluntarily left the marital home because of one of the conditions of the agreement or because of the actions of defendant is sufficient to preclude summary judgment *(see,* CPLR 3212 [b]; *Ehrlich v American Moninger Greenhouse Mfg. Co.,* 26 NY2d 255, 259).

Order entered January 31, 1989 reversed, on the law, without costs, and motion denied.

Order entered December 28, 1988 modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for partial summary judgment as to the first and third causes of action in the complaint, dismissed defendant's

counterclaim and his first, second, third and fifth affirmative defenses, and denied defendant's cross motion to amend his answer and stay the direction of support execution; deny plaintiff's motion and grant defendant's cross motion; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.