■ MICHAEL J. DE BRINO, JR., Individually and as Administrator of the Estate of EILEEN M. DE BRINO, Deceased, Appellant, v BENAQUISTA AND BENAQUISTA REALTY, INC., Defendant and Third-Party Plaintiff. B & N FLOOR COVERING COMPANY, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Brown, J.), entered July 8, 1988 in Schenectady County, which denied plaintiff's motion to amend the complaint.

The facts underlying this tort action are set forth in an earlier appeal (135 AD2d 1044). As noted there, plaintiff's decedent attempted to assert a wrongful death claim directly against, among others, third-party defendant B & N Floor Covering Company, Inc. (hereinafter B & N). Supreme Court *sua sponte* allowed plaintiff to amend the complaint in the original action. Our modification of Supreme Court's order indicated that a formal motion by plaintiff to amend the complaint in the initial action was the appropriate course to pursue and that on such a motion consideration should be given to whether the third-party pleadings in the initial action fairly apprised B & N of the matters involved in the proposed amended complaint (135 AD2d 1044, 1045-1046, *supra; see, Duffy v Horton Mem. Hosp.,* 66 NY2d 473, 477-478). The suggested procedural course has been followed and plaintiff's motion has been denied. In doing so, Supreme Court concluded that the proposed amendment did not relate back to the original third-party complaint because B & N was not apprised thereby of the "arguably unforeseeable possibility that a suicide would be a drastic consequence" of B & N's alleged negligence. We reverse.

Here, the wrongful death action is predicated upon the same occurrence as that asserted in the initial complaint and the third-party complaint. No new liability theory has been proclaimed. Indeed, all that has been alleged is additional damages, a not uncommon circumstance in a negligence case. B & N, a participant in the litigation early on, was fully aware that a claim was being made against it as a result of the incident giving rise to this lawsuit *(see, Duffy v Horton Mem. Hosp., supra,* at 477); significantly, it submits no evidence of unfair surprise or prejudice. Moreover, B & N had notice of the apparent severity of decedent's injuries and that those injuries allegedly caused decedent psychological and emotional distress.

Order reversed, on the law, with costs, and motion granted. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.