■ ROBERT ELLSWORTH, Respondent, v JOSEPH R. WUNDER-LICH, INC., Appellant.—Harvey, J. Appeal from that part of an order of the Supreme Court (Dier, J.), entered May 12, 1989 in Warren County, which denied defendant's cross motion for leave to serve an amended answer.

Plaintiff commenced this action in September 1988 alleging that defendant failed to pay for certain gravel and sand allegedly mined by defendant between November 1987 and August 1988 from plaintiff's gravel pit. In its answer, defendant issued a general denial of the allegations in the complaint and raised as an affirmative defense its assertion that plaintiff was paid in full by defendant for the aforementioned gravel. Thereafter, on March 15, 1989, depositions of both parties were conducted. Plaintiff testified that when he forced defendant to leave his premises in August 1988, defendant left behind a substantial quantity of screened gravel material in the gravel pit.

Apparently on the strength of this information, defendant immediately attempted to serve an amended answer upon plaintiff by letter dated March 21, 1989. The only amendment to this answer was the addition of a counterclaim alleging

that plaintiff had been unjustly enriched by forcing defendant to leave behind a substantial quantity of valuable gravel. Plaintiff rejected the amended answer as untimely and then moved for a protective order with respect to a discovery request submitted by defendant. Defendant cross-moved for an order compelling plaintiff to accept service of the amended answer. In its order, Supreme Court partially granted plaintiff's motion and denied defendant's cross motion for leave to serve an amended answer. Defendant now appeals from that part of the order that denied its cross motion.

In our view, Supreme Court improperly denied defendant's cross motion. Absent prejudice or surprise resulting directly from any delay, it is an abuse of discretion, as a matter of law, to deny a motion for leave to serve an amended pleading *(Sassone v Town of Queensbury,* 157 AD2d 891; *see,* CPLR 3025 [b]). Here, defendant's unjust enrichment claim is generally predicated upon the same occurrence or facts asserted in plaintiff's pleadings *(see, supra; De Brino v Benaquista & Benaquista Realty,* 154 AD2d 812). Therefore, not only is a claim of prejudice or surprise on plaintiff's part unpersuasive, but, as defendant notes, forcing defendant to commence a separate action on this claim would be a waste of judicial resources considering how intertwined the opposing claims are. In any event, we find that plaintiff's claims of prejudice are conclusory and unconvincing. Therefore, we conclude that Supreme Court's denial of defendant's cross motion was an improvident exercise of that court's discretion *(see, Scally v Scally,* 151 AD2d 869).

The remaining assertions of the parties, including plaintiff's claim of laches *(see, Powe v City of Albany,* 130 AD2d 823), have been examined and have been found to be without merit.

Order modified, on the law, without costs, by reversing so much thereof as denied defendant's cross motion for leave to serve an amended answer; cross motion granted; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.