■ MICHAEL J. DE BRINO, JR., as Administrator of the Estate of EILEEN M. DE BRINO, Deceased, Respondent, v BENEQUISTA AND BENEQUISTA REALTY, INC., Defendant, and B & N FLOOR COVERING COMPANY, INC., Appellant. [594 NYS2d 461] —

Mercure, J. Appeal from an order of the Supreme Court (Doran, J.), entered January 7, 1992 in Schenectady County, which denied a motion by defendant B & N Floor Covering Company, Inc. for summary judgment dismissing the amended complaint.

Plaintiff's decedent commenced this action against Benequista and Benequista Realty, Inc. (hereinafter Benequista), the owner of commercial property leased by decedent's employer, the City of Schenectady Off-Track Betting Commission (hereinafter OTB), to recover for damages resulting from a March 14, 1980 fall on the property. Benequista commenced a third-party action against OTB, the City of Schenectady and B & N Floor Covering Company, Inc. (hereinafter B & N). Decedent died in March 1985 and plaintiff subsequently commenced a wrongful death action directly against Benequista, OTB, the City and B & N.

B & N moved to dismiss the complaint in the wrongful death action upon the ground that the Statute of Limitations had expired. Relying upon the decision of the Court of Appeals in *Duffy v Horton Mem. Hosp.* (66 NY2d 473), Supreme Court granted plaintiff permission to amend the complaint in the initial action to assert wrongful death claims against Benequista, OTB, the City and B & N, and denied the motion to dismiss the wrongful death action as moot. On appeal by B & N, this Court dismissed the wrongful death action, without prejudice to a motion by plaintiff to amend the complaint in the initial action to add a cause of action for wrongful death against B & N, and remitted the matter to Supreme Court for determination of such motion after considering the issue of whether B & N was fairly apprised by the pleadings in the initial action of the matters to be involved in the amended complaint (135 AD2d 1044).

Supreme Court denied the ensuing motion. Upon further appeal, this Court reversed Supreme Court's order and granted plaintiff's motion to amend the complaint so as to assert a wrongful death cause of action against B & N as a party defendant (154 AD2d 812). Subsequently, Benequista moved for summary judgment dismissing the amended complaint against it upon the ground that it was not liable for decedent's injuries as a matter of law. Supreme Court granted

the motion and, on appeal, this Court affirmed (175 AD2d 446). B & N then brought the current motion for summary judgment dismissing the amended complaint. Supreme Court denied the motion and B & N appeals.

B & N's motion is founded upon the novel ground that, inasmuch as the third-party action by Benequista provided the sole basis for amendment of the complaint to assert a direct claim against B & N, dismissal of the complaint as to Benequista required dismissal of the complaint as to B & N as well. We disagree and accordingly affirm. Our grant of the motion to amend the complaint was predicated upon the fact that the complaint against Benequista and its third-party complaint against B & N gave it *notice* of the liability theory of the amended complaint (154 AD2d 812, *supra; see, Duffy v Horton Mem. Hosp., supra*). In view of the fact that plaintiff now asserts a direct claim against B & N, the merit, or very existence, of the claim against Benequista is irrelevant to the claim against B & N.

Mikoll, J. P., Levine, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.