*200 OPINION OF THE COURT
Robert W. Doyle, J.
This motion by plaintiff for summary judgment and the appointment of a Referee to compute the amount due plaintiff is considered by the court and is determined as follows:
Plaintiff commenced this action seeking to foreclose a mortgage on real property owned by defendant Jeffrey Talboom. In its complaint, plaintiff sets forth two defaults on the part of defendant that caused it to accelerate the loan and commence this action. Plaintiff claims that defendant falsely represented to it that on the day that the mortgage loan closed, May 28, 1992, he was employed by Metropolitan Life Insurance Company as an account representative. In addition, plaintiff asserts that defendant failed to make the required monthly payments provided for in the note and mortgage for the months of June through November 1993. Plaintiff claims that both of these "events” constituted defaults on defendant’s part under the terms of the mortgage, that plaintiff accelerated the entire principal balance due on the mortgage and that defendant has not remitted to plaintiff the balance due.
In his answer and in opposition to the motion defendant argues that he did not misrepresent his employment status to plaintiff since he was in fact employed by Metropolitan Life Insurance Company at the time that he applied for the mortgage loan. Defendant does admit that at the time the loan closed, he was no longer employed at Metropolitan Life and does admit that at the closing, he reexecuted his mortgage application. However, defendant argues that he was not told that he was required to verify or update his financial condition at the closing and could have done so if he had been told to do so. In addition, defendant argues that plaintiff has waived any rights it may have had by its waiting over 18 months after the closing to commence this action. Finally, defendant denies any failure to make monthly payments.
A party moving for summary judgment is required to establish by proof, in admissible form, its prima facie entitlement to judgment as a matter of law (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851) eliminating any doubt as to the existence of triable issues of fact (Simon v Wohl, 93 AD2d 818). The burden thereupon shifts to the party opposing the motion to establish by proof, again in admissible form, to show the existence of genuine factual issues necessitating a trial (Frank Corp. v Federal Ins. Co., 70 NY2d 966).
*201 Here, plaintiff has established its entitlement to judgment as a matter of law by its proof that defendant executed a note and mortgage and his failure to make payment in accordance with its terms (Gateway State Bank v Shangri-La Private Club for Women, 113 AD2d 791, affd 67 NY2d 627) and by the proof that defendant misrepresented his employment status on May 28, 1992 when he reexecuted his mortgage application and stated therein that he was employed by Metropolitan Life. The burden thereupon shifted to defendant to establish the existence of a genuine triable issue of fact. Defendant has not met that burden. On the subject of payment, defendant has not offered any evidentiary proof to raise a triable issue of fact with respect thereto. Other than defendant’s own assertions, no extrinsic evidence has been submitted to substantiate his claim. If defendant’s position had merit, it might be expected that he would submit cancelled checks, receipts or bank statements to establish the merits of his defense. He has not done so. Conclusory allegations, expressions of hope and unsubstantiated assertions are insufficient to defeat a motion for summary judgment (Savina Oil & Heating Co. v Rana Mgt. Corp., 161 AD2d 635).
Turning to the issue of misrepresentation, defendant admits that the documents executed by him contained false information but argues that he was not told what he was signing at the closing and did not read them. It has long been held that the signer of a written instrument is conclusively bound by its terms unless there is a showing of fraud, duress or some other wrongful act (Pimpinello v Swift & Co., 253 NY 159; Columbus Trust Co. v Campolo, 110 AD2d 616). "Ordinarily, the signer of a deed or other instrument, expressive of a jurai act, is conclusively bound thereby. That his mind never gave assent to the terms expressed is not material * * * If the signer could read the instrument, not to have read it was gross negligence; if he could not read it, not to procure it to be read was equally negligent; in either case the writing binds him.” (Pimpinello v Swift & Co., supra, 253 NY, at 162-163.)
Here, there has been no evidence introduced by defendant of fraud or duress on the part of plaintiff. Defendant is therefore bound by the terms of the instruments he signed. The misrepresentation contained herein was relied on by plaintiff in completing the loan to defendant, constituted a breach of the terms of the mortgage and is a proper basis for this action.
*202 Finally, the court finds no merit to defendant’s claim that plaintiff waived its right to foreclose by waiting 18 months after closing before commencing this action.
Upon defendant’s failure to offer proof sufficient to establish the existence of a triable issue of fact, plaintiff’s motion is in all respects granted.