## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  April 30, 2015                      518590
_____

In the Matter of STATE OF
    NEW YORK,
                    Respondent,

              v                          MEMORANDUM AND ORDER

RICHARD TT.,
                    Appellant.
_____

Calendar Date:   March 23, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

                        _____


        Sheila E. Shea, Mental Hygiene Legal Service, Albany
(Shannon Stockwell of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Allyson B.
Levine of counsel), for respondent.

                        _____


Devine, J.

        Appeal from an order of the Supreme Court (Krogmann, J.),
entered January 8, 2014 in Warren County, which granted
petitioner's application, in a proceeding pursuant to Mental
Hygiene Law article 10, to find respondent to be a dangerous sex
offender and confined him to a secure treatment facility.

        Respondent has a history of sexually inappropriate behavior
and, in 2007, he pleaded guilty to one count of rape in the third
degree in satisfaction of various pending charges.  He was
incarcerated and, as his release from prison neared, petitioner
commenced this proceeding seeking a determination that respondent
is a dangerous sex offender requiring civil confinement (see
Mental Hygiene Law § 10.06 [a]).  Respondent waived his right to

a jury trial and, following a bench trial, Supreme Court determined that he was a detained sex offender suffering from a mental abnormality (see Mental Hygiene Law § 10.07 [a]). After the dispositional phase of trial, Supreme Court adjudicated respondent to be a dangerous sex offender requiring confinement (see Mental Hygiene Law § 10.07 [f]). Respondent appeals.

Subsequent to the issuance of the appealed-from order, the Court of Appeals held that a diagnosis of antisocial personality disorder "has so little relevance to the controlling legal criteria of Mental Hygiene Law § 10.03 (i) that it cannot be relied upon to show mental abnormality for [Mental Hygiene Law] article 10 purposes" (Matter of State of New York v Donald DD., 24 NY3d 174, 190 [2014]). Respondent suffers from antisocial personality disorder, among other things, and moved to vacate the appealed-from order in the wake of that pronouncement. Shortly before this appeal was argued, Supreme Court granted the motion.

It is well settled that "[n]o appeal lies from a vacated judgment or order" (Matter of Niagara Mohawk Power Corp. v Town of Tonawanda Assessor, 219 AD2d 883, 883 [1995]; see Duryea v Fueschel, 145 NY 654, 657-658 [1895]; Scally v Scally, 151 AD2d 869, 871 [1989]). Respondent does not assert that Supreme Court lacked the authority to vacate its prior order, but argues that this appeal remains viable because petitioner may take an appeal from the vacatur order or move to renew and/or reargue. Petitioner, in fact, has appealed the vacatur order and obtained a stay pending appeal. The appeal does not affect the finality or enforceability of the vacatur order (see Da Silva v Musso, 76 NY2d 436, 440 [1990]; Samhammer v Home Mut. Ins. Co. of Binghamton, 120 AD2d 59, 63 [1986]), however, and a grant of reargument or renewal would itself be appealable (see CPLR 5701 [a] [2] [viii]). Indeed, even the stay pending appeal of the vacatur order does not "suspend the operation of the order . . . and restore the case to the status which existed before it was issued" (Matter of Pokoik v Department of Health Servs. of County of Suffolk, 220 AD2d 13, 15 [1996]; see Baker v Board of Educ. of W. Irondequoit School Dist., 152 AD2d 1014, 1014 [1989]). While we appreciate respondent's desire to bring the proceedings in this case to a definitive conclusion, the present appeal has been taken from a vacated order and must be dismissed

(see <u>Matter of Feustel v Rosenblum</u>, 6 NY3d 885, 886 [2006];
<u>Matter of Rodriguez v Johnson</u>, 45 AD3d 279, 279 [2007], <u>lv</u>
<u>denied</u> 10 NY3d 705 [2008]).

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.

ORDERED that the appeal is dismissed, as moot, without
costs.

ENTER:

Robert D. Mayberger
Clerk of the Court