*475
 
 OPINION OF THE COURT
 

 Titone, J.
 

 The question presented is whether a plaintiff’s direct claim against a third-party defendant, which is asserted in an amended complaint, relates back to the date of service of the third-party complaint for purposes of the Statute of Limitations, pursuant to CPLR 203 (e), where the third-party complaint and the amended complaint are based on the same transaction or occurrence. We hold that it does.
 

 Plaintiff and her husband commenced this medical malpractice action in August 1979, alleging that defendants had failed to recognize and diagnose an early stage of the husband’s lung cancer. The husband’s condition deteriorated and he died in May 1981. Special Term subsequently granted plaintiff’s motion for substitution and for an amendment of the complaint to add a wrongful death claim.
 

 In June 1981, defendants brought a timely third-party action against Dr. Isidore Greenberg,
 
 [1]
 
 the family physician who had treated the husband before and after a 1978 hospital examination. A deposition of Dr. Greenberg was conducted in October 1982, after which plaintiff sought to amend her complaint to name him as a defendant.
 
 [2]
 
 Plaintiff urged that the claim was not barred by the Statute of Limitations because of the provisions of CPLR 203 (e): "A claim asserted in an amended pleading is deemed to have been interposed, at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.”
 

 Special Term initially granted the motion, but reversed itself on reargument, properly deeming itself bound by the Third Department’s decisions in
 
 Village of St. Johnsville v Travelers Indem. Co.
 
 (93 AD2d 932) and
 
 Knorr v City of Albany
 
 (58 AD2d 904).
 
 (Mountain View Coach Lines v Storms,
 
 102 AD2d 663.) The Appellate Division, Third Department, affirmed, adhering to its position that a plaintiff’s direct claim
 
 *476
 
 against a third-party defendant cannot be asserted after the Statute of Limitations has run. The appeal to this court has been taken by permission of the Appellate Division, which has certified the question of whether its order was correctly made.
 
 [3]
 

 The Appellate Divisions have divided in their treatment of applications to amend complaints in these circumstances. The First and Fourth Departments have held, contrary to the Third Department, that because service of a third-party complaint gives the third-party defendant adequate notice of the transactions or occurrences underlying the litigation, for purposes of the Statute of Limitations, an amendment asserting a direct claim relates back to the service of the third-party complaint
 
 (Holst v Edinger,
 
 93 AD2d 313 [1st Dept];
 
 Lancaster Silo & Block Co. v Northern Propane Gas Co.,
 
 75 AD2d 55 [4th Dept]). The Second Department initially followed the same approach as the Third Department
 
 (Allstate Ins. Co. v Emsco Homes,
 
 93 AD2d 874;
 
 Trybus v Nipark Realty Corp.,
 
 26 AD2d 563;
 
 see also, Brock v Bua,
 
 83 AD2d 61, 65, n), but recently attempted to distinguish the earlier cases and embraced the position of the First and Fourth Departments
 
 (Cucuzza v Vaccaro,
 
 109 AD2d 101,
 
 stay denied
 
 66 NY2d 760).
 

 The language of the governing statute, CPLR 203 (e), is not particularly helpful, since it does not state whether or not it is applicable to an amended complaint served upon someone not named in the original complaint. Analysis should, therefore, turn on the policy considerations underlying Statutes of Limitations
 
 (see,
 
 Friedenthal, Kane, Miller, Civil Procedure § 5.27; Green, Basic Civil Procedure, at 134-135 [2d ed]; James & Hazard, Civil Procedure § 4.16 [3d ed]).
 

 We have emphasized that the primary purpose of a limitations period is fairness to a defendant
 
 (Flanagan v Mount Eden Gen. Hosp.,
 
 24 NY2d 427, 429). A defendant should " 'be secure in his reasonable expectation that the slate has been wiped clean of ancient obligations, and he ought not to be called on to resist a claim where the "evidence has been lost, memories have faded, and witnesses have disappeared” ’ ”
 
 (id.,
 
 quoting
 
 Developments in the Law: Statutes of Limitations,
 
 63 Harv L Rev 1177, 1185). There is also the need to protect
 
 *477
 
 the judicial system from the burden of adjudicating stale and groundless claims
 
 (see, Brock v Bua,
 
 83 AD2d 61,
 
 supra; Connell v Hayden,
 
 83 AD2d 30; 2 Carmody-Wait 2d, NY Prac § 13:1; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 201.01; Note,
 
 Federal Rule of Civil Procedure 15(c): Relation Back of Amendments,
 
 57 Minn L Rev 83, 84-85).
 

 An amendment which merely adds a new theory of recovery or defense arising out of a transaction or occurrence already in litigation clearly does not conflict with these policies
 
 (see, Cerrato v Crown Co.,
 
 58 AD2d 721;
 
 Henegar v Freudenheim,
 
 40 AD2d 825). A party is likely to have collected and preserved available evidence relating to the entire transaction or occurrence and the defendant’s sense of security has already been disturbed by the pending action
 
 (see, e.g., Caffaro v Trayna,
 
 35 NY2d 245;
 
 Owens v Palm Tree Nursing Home,
 
 50 AD2d 865;
 
 Watso v City of New York,
 
 39 AD2d 960; James & Hazard, Civil Procedure
 
 op. cit.,
 
 § 3.16).
 

 The situation is far more difficult, however, when an amendment is sought to add a new party defendant. It is one thing to permit an amendment to relate back as applied to parties before the court. It is quite another thing to permit an amendment to relate back when a new party is sought to be added by the amendment against whom the Statute of Limitations has run. (Green, Basic Civil Procedure
 
 op. cit.,
 
 at 135;
 
 cf. Boyd v United States Mtge. & Trust Co.,
 
 187 NY 262, 270.)
 

 Thus, if the new defendant has been a complete stranger to the suit up to the point of the requested amendment, the bar of the Statute of Limitations must be applied
 
 (see, Arnold v Mayal Realty Co.,
 
 299 NY 57;
 
 Bringing in Party
 
 —Limitations, Ann., 8 ALR2d 6, §§ 53, 58). But where, within the statutory period, a potential defendant is fully aware that a claim is being made against him with respect to the transaction or occurrence involved in the suit, and is, in fact, a participant in the litigation, permitting an amendment to relate back would not necessarily be at odds with the policies underlying the Statute of Limitations
 
 (Boyd v United States Mtge. & Trust Co.,
 
 187 NY 262, 270,
 
 supra; cf. Williams v United States,
 
 405 F2d 234, 236-237). In such cases, there is room for the exercise of a sound judicial discretion to determine whether, on the facts, there is any operative prejudice precluding a retroactive amendment (Green, Basic Civil Procedure
 
 op. cit.,
 
 at 135;
 
 see, Loomis v Corinno Constr. Corp.,
 
 54 NY2d 18, 23; Donnici,
 
 Amendment of Pleadings
 
 —A
 
 Study of the Operation of Judicial Discretion in the Federal Courts,
 
 37 S Cal L Rev 529).
 

 
 *478
 
 It is evident that when a third party has been served with the third-party complaint, and all prior pleadings in the action as required by CPLR 1007, the third-party defendant has actual notice of the plaintiff’s potential claim at that time. The third-party defendant must gather evidence and vigorously prepare a defense. There is no temporal repose. Consequently, an amendment of the complaint may be permitted, in the court’s discretion, and a direct claim asserted against the third-party defendant, which, for the purposes of computing the Statute of Limitations period, relates back to the date of service of the third-party complaint
 
 (see,
 
 McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, C203:ll, p 124; Siegel, NY Prac § 49, at 17-18 [1985 Supp]; 6 Wright and Miller, Federal Practice & Procedure § 1498).
 

 In this case, both Special Term and the Appellate Division erred in denying the motion to amend solely upon the ground that the claim would be barred by the Statute of Limitations. Accordingly, we must remit the matter to the Appellate Division to give that court the opportunity to exercise its discretion in determining whether an amendment is warranted (CPLR 5613;
 
 Beary v City of Rye,
 
 44 NY2d 398, 415).
 

 For the reasons stated, the order of the Appellate Division should be reversed, with costs, the certified question answered in the negative, and the matter remitted to that court for further proceedings in accordance with this opinion. The appeal by the defendants should be dismissed, without costs, upon the ground that they are not parties aggrieved.
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
 

 On plaintiff’s appeal, order reversed, with costs, and case remitted to the Appellate Division, Third Department, for further proceedings in accordance with the opinion herein. Question certified answered in the negative. Appeal by defendants and third-party plaintiffs dismissed, without costs.
 

 [1]
 

 . Dr. Greenberg died after the entry of Special Term’s order. The executrices of his estate have been substituted as third-party defendants.
 

 [2]
 

 . CPLR 1009 permits a plaintiff to amend the complaint as of right within 20 days after service of the third-party complaint
 
 (see, Johnson v Equitable Life Assur. Socy.,
 
 22 AD2d 141,
 
 affd
 
 18 NY2d 933). After that time period expires, plaintiff must obtain leave of court (Siegel, NY Prac § 164).
 

 [3]
 

 . Although the third-party plaintiffs have purported to appeal as well, since the validity of the third-party complaint is not in issue, they are not parties aggrieved (CPLR 5511), and their appeal should be dismissed
 
 (Abbott v New York, Lake Erie & W. R. R. Co.,
 
 120 NY 652).