■ ALFREDO NIEVES, Respondent, v AQUEDUCT RACE TRACK et al., Defendants, and PINKERTON's NEW YORK RACING SECURITY SERVICE, INC., Appellant.—In an action to recover damages for false arrest, false imprisonment, and negligent hiring, the defendant Pinkerton's New York Racing Security Service, Inc. appeals from an order of the Supreme Court, Kings County (Rader, J.), dated July 3, 1984, which, inter alia, (1) granted leave to the plaintiff to amend the caption of the summons and original complaint, and (2) denied its motion for summary judgment.

Order modified, on the law, by (1) deleting the provision thereof which permitted the plaintiff to amend the caption of the summons and original complain, and to substitute Pinkerton's New York Racing Security Service, Inc. (Pinkerton Rac-

ing) as a party defendant thereon; and (2) deleting the provision thereof which denied that branch of defendant Pinkerton Racing's motion which sought summary judgment dismissing the plaintiff's first cause of action sounding in false arrest and false imprisonment, and substituting therefor a provision granting that branch of the motion. As so modified, order affirmed, without costs or disbursements, and the second cause of action is severed. No questions of fact have been raised or considered.

An order dated August 27, 1982 properly dismissed the causes of action against defendant Pinkerton, Inc., sued herein as Pinkerton Guards. The summons could not be amended to include Pinkerton Racing as a party defendant, since Pinkerton Racing is a separate and distinct corporation from Pinkerton, Inc. The later impleading of Pinkerton Racing by the defendant New York Racing Association did not make the interposition of the plaintiff's cause of action sounding in false arrest and false imprisonment against Pinkerton Racing timely *(see, Duffy v Horton Mem. Hosp.,* 66 NY2d 473). Thus, Special Term should have granted Pinkerton Racing's motion for summary judgment as to that cause of action.

Finally, Special Term correctly denied that branch of Pinkerton Racing's motion for summary judgment as to the plaintiff's cause of action sounding in negligent hiring. Pinkerton Racing failed to make a prima facie showing of entitlement to judgment as a matter of law on that cause of action *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851). Gibbons, J. P., Thompson, Brown and Weinstein, JJ., concur.