■ HEYWOOD SCHULER et al., Appellants, v GRAND METRO BUILDING CORP. et al., Defendants and Second Third-Party Plaintiffs, et al., Defendant. ASH EQUIPMENT CORPORATION,

Second Third-Party Defendant-Respondent, et al., Second Third-Party Defendant. (And Another Action.)—In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Kings County (Morton, J.), dated October 7, 1983, which denied their motion, *inter alia,* for leave to serve an amended complaint; and (2) as limited by their brief, from so much of an order of the same court, dated January 23, 1985, as, upon reargument, adhered to the original determination.

Appeal from the order dated October 7, 1983 dismissed, without costs or disbursements. That order was superseded by the order dated January 23, 1985.

Order dated January 23, 1985, reversed insofar as appealed from, without costs or disbursements, order dated October 7, 1983, vacated, and motion for leave to serve an amended complaint granted. The amended complaint in the record on appeal is deemed served and Ash Equipment Corporation's time to serve an answer to the amended complaint is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry.

On November 7, 1979, the plaintiff Heywood Schuler sustained personal injuries at a demolition site when certain inflammable liquids contained in a refrigerator tank which he was "cutting" with an acetylene torch allegedly ignited. A complaint was framed, naming as the defendants the alleged general contractor Carrano Construction Corp., and Grand Metro Corp. (hereinafter Grand Metro) the owner of the land involved. The action was commenced on April 15, 1981, the complaint alleging causes of action under Labor Law §§ 240 and 241.

On or about February 23, 1982, the plaintiffs received a copy of Grand Metro's second third-party complaint, which named as second third-party defendants A & M Wrecking Co. Inc. (hereinafter A & M), and the respondent Ash Equipment Corporation (hereinafter Ash). The second third-party complaint alleged, in essence, that both A & M and Ash had undertaken to assume all liability for any and all damage or personal injury sustained in connection with work being performed, and that in the event that it is determined that Grand Metro is liable to the plaintiffs, Grand Metro would be entitled to judgment over and against A & M and Ash.

Prior to the passage of 20 days from their receipt of Grand Metro's third-party complaint, the plaintiffs served an amended complaint alleging a cause of action against Ash, to

the general effect that if Grand Metro prevailed on its third-party action against Ash, the benefits thereof should inure also to the plaintiffs. Although the plaintiffs served their amended complaint on both of the original defendants prior to the expiration of the Statute of Limitations, they failed to serve a copy of the amended pleading on Ash, apparently assuming that the main defendants would do so pursuant to CPLR 1007. However, the latter did not do so.

By letter dated June 8, 1983, the plaintiffs' counsel informed Ash's counsel that they had not yet received a copy of Ash's answer to the amended complaint. A copy of the amended complaint was sent to Ash's counsel with that letter. Counsel for Ash replied that it had never been served with the amended complaint, returned the copy of the amended complaint forwarded with the letter, and denied that any answer was due. By notice of motion dated June 6, 1983, the plaintiffs moved for an order deeming their amended complaint timely served or, in the alternative, for leave to serve it. Special Term denied the motion, determining that the cause of action against Ash was time barred. On reargument, the court adhered to its original determination. We reverse.

In *Duffy v Horton Mem. Hosp.* (66 NY2d 473), the Court of Appeals recently held that a plaintiff's direct claim against a third-party defendant, which is asserted in an amended complaint, relates back to the service of the third-party complaint pursuant to CPLR 203 (e) for the purposes of the Statute of Limitations, when the third-party complaint and the amended complaint are based upon the same transactions or occurrences *(see also, Cucuzza v Vaccaro,* 109 AD2d 101). As the court further observed, "where, within the statutory period, a potential defendant is fully aware that a claim is being made against him with respect to the transaction or occurrence involved in the suit, and is, in fact, a participant in the litigation, permitting an amendment to relate back would not necessarily be at odds with the policies underlying the Statute of Limitations *(Boyd v United States Mtge. & Trust Co.,* 187 NY 262, 270, *supra: cf. Williams v United States,* 405 F2d 234, 236-237)" *(Duffy v Horton Mem. Hosp., supra,* p 477). The court concluded that "[i]n such cases, there is room for the exercise of a sound judicial discretion to determine whether, on the facts, there is any operative prejudice precluding a retroactive amendment" *(Duffy v Horton Mem. Hosp., supra,* p 477).

It is apparent that Ash will not be operatively prejudiced by the interposition of the plaintiffs' amended complaint at this juncture of the proceeding. The plaintiffs set forth no addi-

tional factual allegations of wrongdoing on Ash's part, but merely request that any judgment obtained by Grand Metro over and against Ash inure to their benefit. Thus, Ash cannot be prejudiced by service of the amended complaint, since, in order to defend against it, Ash need only defend against the allegations set forth in the third-party complaint of Grand Metro. Thus, Ash cannot claim that it is now prejudiced in that it must gather evidence for and prepare a defense against a claim of which it had no notice *(Duffy v Horton Mem. Hosp., supra)*. Mollen, P. J., Lazer, Kunzeman and Kooper, JJ., concur.