OPINION OF THE COURT
Herman Cahn, J.
This motion concerns the conflict between the law which applied when the action was commenced, and the law which applied when the third-party action was commenced. The court applies the provisions in force when the action was commenced.
Third-party defendant moves for disclosure of information relating to plaintiffs’ expert witness pursuant to CPLR 3101 (d) (1) (i).
*432 This is a personal injury action commenced, by plaintiff in 1981 against defendant City of New York. The city impleaded third-party defendant Otis Elevator Company in 1986. Otis has requested information relating to plaintiff’s expert witnesses but plaintiff has refused to comply.
Plaintiff argues that the liberal amendment to the disclosure rules enacted in 1985 relating to expert witnesses does not apply because this action was commenced in 1981 and the Legislature specifically provided that the amendment was applicable only to actions commenced after its effective date (CPLR 3101 [d]; Matter of Flynn, 130 Misc 2d 301). Therefore, plaintiff maintains that the previous rule which provided that opinions of experts prepared for litigation are not obtainable applies. Otis argues that because the action against it was commenced in 1986, the amended section 3101 (d) applies. Therefore, Otis contends, it is entitled to “the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is to testify, the qualifications of each expert witness and a summary of the grounds for each expert’s opinion.” (CPLR 3101 [d] [1] [i].)
The general rule is that third-party actions relate back to the commencement of the original action. (See, Duffy v Horton Mem. Hosp., 66 NY2d 473.) Therefore, the court applies the law as it was in effect on the date the action, rather than on the later date when the third-party action, was commenced. Accordingly, Otis is only entitled to the facts upon which any expert opinion is based but not the opinion itself.