OPINION OF THE COURT
Julius Vinik, J.
In a personal injury action, arising out of a February 11, 1991 accident involving falling building materials at a construction site, the defendant Blakel Construction Corp. (Blakel) moves to dismiss plaintiff’s direct claim against it. Plaintiff commenced a timely action only against the owner, St. Marks Housing Assoc., L.P. (St. Marks), by filing a summons and complaint on January 21, 1994. On November 22, 1994, after the expiration of the Statute of Limitations on plaintiff’s original claim, St. Marks commenced a third-party action against the general contractor Blakel and a subcontractor, plaintiff’s employer Cosa Development.[1] Thereafter, on December 23, 1994, plaintiff amended his complaint to include Blakel as a direct defendant. Blakel’s answers to the third-party complaint and to plaintiff’s amended complaint were both served on July 19, 1995. The latter includes a Statute of Limitations defense. Blakel now moves to dismiss plaintiff’s direct claims against it contending that they are barred by the Statute of Limitations. The plaintiff counters that his direct claim is timely because it relates back to the commencement of the action against defendant St. Marks.[2]
This application brings together two lines of cases involving the relation back doctrine, a doctrine that, as the Court of Appeals recently noted, " 'continues to bedevil the courts’ ” (Buran v Coupal, 87 NY2d 173, 175). This decision attempts to reconcile these two approaches to the relation back doctrine. The relation back doctrine allows a claim asserted against a defendant in an amended pleading to relate back to claims previously asserted against a codefendant for Statute of Limitations purposes (Buran v Coupal, supra, at 177; CPLR 203 [b], [c]; see also, CPLR 203 [f] [formerly (e)]). The relation back doctrine is aimed at liberalizing strict formalistic requirements while *157 respecting the important policies inherent in the Statute of Limitations. The doctrine enables a plaintiff to correct a pleading error by adding either a new party or a new claim after the Statute of Limitations has expired (Buran v Coupal, supra).
The primary purpose of a limitation period is to protect a defendant from the obligation of defending stale and ancient claims where evidence has been lost, memories have faded and witnesses have disappeared. Further it allows defendants to be secure in the knowledge that the slate is wiped clean of ancient obligations (Duffy v Horton Mem. Hosp., 66 NY2d 473, 476). As the Court of Appeals noted in Duffy (supra, at 477): "An amendment which merely adds a new theory of recovery or defense arising out of a transaction or occurrence already in litigation does not conflict with these policies * * * A party is likely to have collected and preserved available evidence relating to the entire transaction or occurrence and the defendant’s sense of security has already been disturbed by the pending action” (citations omitted).
Likewise, where a third-party defendant has been served with the third-party complaint and all prior pleadings in the action, as required by CPLR 1007, the third-party defendant has actual notice of the plaintiff’s potential claim at that time and it would not be at odds with the policies underlying the Statute of Limitations to permit an amended complaint to relate back to the date the third-party action was commenced (Duffy v Horton Mem. Hosp., supra, at 477-478). Thus, where a plaintiff serves an amended complaint interposing a direct claim against a party originally brought into the action as a third-party defendant, the Court of Appeals has held that the plaintiff’s amended complaint relates back to the date of service of the third-party complaint (Duffy v Horton Mem. Hosp., 66 NY2d 473, supra).[3] However, here, where the third-party action was not commenced until after the expiration of the Statute of Limitations for the underlying claim, the direct claim would be barred by the Statute of Limitations (see, Zaveta v Portelli, 127 AD2d 760; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C203:ll, at 167).
A second line of cases, which involves an amendment adding claims against a party entirely foreign to the action, uses a different analysis, albeit one rooted in the same underlying policy *158 concerns. This is the relation back analysis which the parties to this motion employ. The Court of Appeals recently endorsed, with a slight modification, the three-part test enunciated in Brock v Bua (83 AD2d 61) for determining when the relation back doctrine would permit the addition of a new party to relate back to an earlier pleading (Mondello v New York Blood Ctr. — Greater N. Y. Blood Program, 80 NY2d 219, 226, citing Brock v Bua, supra, at 69; Buran v Coupal, 87 NY2d 173, supra; see also, CPLR 203 [c]; Alexander, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C203:3, 1996 Pocket Part, at 33). The three conditions that must be satisfied are that: (1) both claims arose out of the same conduct, transaction or occurrence; (2) the new party is "united in interest” with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and (3) the new party knew or should have known that, but for a mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well (Mondello v New York Blood Ctr. — Greater N. Y. Blood Program, supra, at 226; Buran v Coupal, supra, at 176 [modifying the third prong of the test as set forth in Brock v Bua by eliminating the requirement that plaintiffs mistake be "excusable”]).[4]
This "united in interest” analysis rests on the assumption that where parties are united in interest, their defenses will be the same and they will either stand or fall together with respect to plaintiffs claim. Timely notice to one of two such defendants will enable him to investigate, within the statutory period, all the defenses which are available to both (Brock v Bua, 83 AD2d 61, 68, supra). Thus, like the Duffy approach, permitting an amendment adding a party to relate back to the date the action was commenced against a party united in interest is consistent with the policy considerations underlying the Statute of Limitations.
In other words, there is one line of cases culminating in Duffy v Horton (supra) rooted in CPLR 203 (f) (formerly [e]) that applies the relation back doctrine to situations where a plaintiff has attempted to amend his complaint to interpose direct claims against a third-party defendant after the expiration of the Statute of Limitations. A second line of cases, rooted *159 in CPLR 203 (b) and (c), applies the three part united in interest analysis articulated in Brock v Bua (supra) to determine whether a plaintiff may amend his complaint after the expiration of the Statute of Limitations to interpose a claim against a party not previously in the action.
Assuming that the first test (Duffy v Horton Mem. Hosp., supra) applies only to direct claims against a third-party defendant, while the second (Brock v Bua, supra) applies only to claims against a party not previously named in the action, a plaintiff could be better off trying to add a party who is completely foreign to an action than if that same party was joined as a third-party defendant. Where as here the third-party defendant is joined after the expiration of the Statute of Limitations on the underlying claim, a direct claim against that party would relate back only to the commencement of the third-party action and would be time barred. However, if no third-party action was commenced and the three prongs of the united in interest analysis are satisfied, a claim against that same party would relate back to the filing of the original complaint.
This court could find no authority that directly reconciles these two approaches.[5] Nevertheless, upon consideration of the underlying principles and the facts of the various cases in this area, this court concludes that the two tests are not mutually exclusive but rather afford a plaintiff two alternative methods of establishing the relation back of a new claim for Statute of Limitations purposes. The Duffy v Horton analysis applies to any party brought into an action as a third-party defendant. This would apply regardless of whether that party is united in interest with a defendant already in the action. It permits a plaintiff to interpose a direct claim against a third-party defendant after the expiration of the Statute of Limitations provided that the third-party action was commenced prior to the expiration of the Statute of Limitations on the underlying cause of action. The amended complaint would relate back to the com *160 mencement of the third-party action; the time the third-party defendant was put on notice of the underlying claim and the potential for a direct claim by plaintiff. The Brock v Bua test relates to a party united in interest with a defendant in the action, regardless of whether the party has been joined as a third-party defendant. Under the latter analysis, the plaintiff’s claim, interposed after the expiration of the Statute of Limitations, relates back to commencement of the underlying action inasmuch as that is when the party united in interest was apprised of the claim.
This is rational inasmuch as the overriding concern is whether a party that is sought to be added had timely notice of the underlying dispute which forms the basis of the claim the plaintiff seeks to interpose in the amended pleading (see, Buran v Coupal, 87 NY2d 173, 180, supra, citing Schiavone v Fortune, All US 21, 31). Either the prospective defendant had notice of the action and the facts underlying it because it had been brought in as a third-party defendant, or it is presumed to have notice because it is united in interest with a defendant in the action. Thus, where a third-party defendant is united in interest with a defendant in the action, either test could be applied.
As previously noted, the Duffy v Horton test is not satisfied in the present case because the third-party action was commenced after the Statute of Limitations expired on the underlying claim; the third-party defendant did not have notice of the claim on that basis within the Statute of Limitations period. The Brock v Bua test, however, does afford the plaintiff a vehicle to relate the claim against Blakel back to the time of the commencement of the underlying action.
Applying Brock v Bua (supra) here, the claims arise from the same occurrence, a construction accident. In addition, as owner, St. Marks is vicariously liable for the general contractor Blakel pursuant to a contractual indemnification agreement and under Labor Law § 240 (1). Hence, there is a unity of interest (Mondello v New York Blood Ctr. — Greater N. Y. Blood Program, 80 NY2d 219, 225, supra; Raschel v Risk, 69 NY2d 694; Hernandez v Scully, Inc., 203 AD2d 245).[6] Finally, as an employee of a subcontractor, the plaintiff did not know the *161 identity of the general contractor at the time the suit was commenced. Thus, plaintiff’s failure to name Blakel was not intended to obtain a tactical advantage and Blakel knew or should have known that, but for plaintiff’s mistake as to the identity of proper parties, the action would have been brought against it as well (Buran v Coupal, supra).
Consequently, Blakel is presumed to have notice of the claim as a result of its vicarious liability relationship with the defendant St. Marks, and it should neither be prejudiced nor surprised by plaintiff’s direct claim. Accordingly, in the exercise of its discretion (see, Buran v Coupal, supra, at 182; Duffy v Horton Mem. Hosp., supra, at 478; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C203:11, at 167), the court concludes that the direct claim interposed by plaintiff relates back to the date the action was commenced against St. Marks (Mondello v New York Blood Ctr. — Greater N. Y. Blood Program, supra, at 226; Buran v Coupal, supra; Brock v Bua, supra, at 69) and Blakel’s motion to dismiss the complaint on Statute of Limitations grounds is denied.

. Cosa Development has not appeared.

. The plaintiff cross-moved to dismiss Blakel’s and St. Marks’ affirmative defenses of lack of jurisdiction and defendant/third-party plaintiff St. Marks cross-moved to dismiss Blakel’s affirmative defense of lack of jurisdiction. At oral argument, the parties agreed that the cross motions be denied without prejudice to renew after a determination on the motion.

. The commencement-by-filing system now requires that the measurement be the filing rather than the service of the third-party pleading (see, Alexander, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C203:ll, 1996 Pocket Part, at 35).

. This brings the test into line with the relation back analysis under rule 15 (c) of the Federal Rules of Civil Procedure.

. It bears noting that the Court of Appeals in Duffy v Horton (supra) did cite Brock v Bua (supra) with respect to the underlying principles of the Statute of Limitations, but did not undertake a unity of interest analysis. McCabe v Queensboro Farm Prods. (15 AD2d 553, affd 11 NY2d 963) involved a situation where there appears to be a unity of interest and the amendment was nevertheless denied using a Duffy-type analysis. However, McCabe (supra) was overruled by Brock v Bua (supra, at 68). In addition, there is nothing in Mondello v New York Blood Ctr. — Greater N. Y. Blood Program (80 NY2d 219, supra) or Buran v Coupal (87 NY2d 173, supra) to suggest that Duffy v Horton (supra) is no longer good law.

. It is widely accepted that vicarious liability creates a unity of interest inasmuch as the parties will stand and fall together. It is presumed that the party against whom a claim is timely interposed will preserve and protect the other party’s defenses. However, an argument could be made that where, as here, the vicariously liable party is the initial defendant and the plaintiff *161 seeks to amend to add a claim against the actually negligent party, the vicariously liable party may not have undertaken a vigorous defense insofar as it can always seek indemnification at a later date from the actually negligent party if the plaintiff prevails. However, the parties do not make that argument here and this court declines to address it at this time.