OPINION OF THE COURT
Michael D. Stallman, J.
This motion for summary judgment requires examination of the “relation-back” doctrine. Does defendant’s commencement of a third-party action seeking contractual and common-law indemnification for negligence permit a plaintiff to subsequently sue the third-party defendant directly for negligence? Did the third-party defendant’s nonassertion of the Statute of Limitations in the third-party action waive such a defense against the plaintiff?
Defendant Roadway Contracting, Inc., moves for an order dismissing the plaintiffs’ complaint and all cross claims and/or counterclaims. Roadway contends that (1) plaintiffs’ direct action against Roadway is time barred, and (2) that no party to this action has offered any evidence that Roadway created the alleged defect or that Roadway had constructive or actual notice of the defect.
Facts
In this personal injury action, plaintiff alleges that on April 23, 1995 she fell while walking on the northern crosswalk of Pearl Street near the northeast corner of Pearl and Fulton Streets. Plaintiff claims a pot hole/sink hole in the crosswalk caused her to fall. Roadway performed work for codefendant Consolidated Edison of New York, Incorporated (Con Ed) in the vicinity of Pearl Street and Fulton Street. Roadway’s work was apparently completed in October 1994.
Plaintiff commenced this action in April 1997. In October 1998, more than three years after plaintiff’s alleged accident, and four years after Roadway’s completion of the work, Con Ed *81 served Roadway with a third-party complaint which asserted three causes of action: indemnification (based on the parties’ contract), breach of contract (failure to provide insurance coverage) and “negligence.”[1] Roadway interposed an answer dated December 30, 1998 to that third-party complaint.
In June 1999, plaintiffs moved to amend the complaint, inter alia, to add Roadway as a direct defendant, asserting that Roadway’s negligence caused plaintiff’s injury. In September 1999, Justice Gangel-Jacob granted plaintiffs’ motion to amend the complaint. In its October 7, 1999 answer to the amended complaint, Roadway asserted the Statute of Limitations as a fifth affirmative defense. Roadway now seeks dismissal of the amended complaint based on, inter alia, that affirmative defense.
In opposition, plaintiffs, citing CPLR 203 (f), contend that the claims in the amended complaint “relate-back” to the date of claims in Con Ed’s third-party complaint and that accordingly, its direct, action against Roadway is timely. Plaintiffs argue that Roadway waived any reliance on the Statute of Limitations by not interposing it as a defense to the third-party complaint.
I
CPLR 203 (f) provides: “A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.”
CPLR 203 (f) is usually invoked to add an additional claim that a plaintiff has against a defendant already a party. (Siegel, NY Prac § 49, at 64 [3d ed].) Case law and usage derived from the literal wording of the statute have expanded the doctrine to permit the assertion of direct claims against third parties under certain circumstances. When a plaintiff seeks to sue an additional party, ostensibly after expiration of the Statute *82 of Limitations period, the court must inquire into the nature of the notice conveyed by the earlier pleading and whether its service made it reasonable for its recipient to anticipate being sued on the claim later asserted in the amended pleading. As the Court of Appeals has indicated: “The language of the governing statute [now CPLR 203 (f)] is not particularly helpful, since it does not state whether or not it is applicable to an amended complaint served upon someone not named in the original complaint. Analysis should, therefore, turn on the policy considerations underlying Statutes of Limitations [citations omitted].” (Duffy v Horton Mem. Hosp., 66 NY2d 473, 476.)
In Duffy (supra, at 477), the Court of Appeals held that “where * * * a potential defendant is fully aware that a claim is being made against him with respect to the * * * occurrence involved in the suit, and is, in fact, a participant in the litigation, permitting an amendment to relate back would not necessarily be at odds with the policies underlying the Statute of Limitations.” The Duffy Court permitted an amendment of the complaint to name a third-party defendant as a direct defendant when the third-party action had been commenced within the statutory period.
In contrast, a claim asserted against a person who was a complete stranger to the original litigation was held not to relate back to the commencement of the first action where the new defendant did not have knowledge of the claim against him until the new complaint was served, well after the .Statute of Limitations had run. (Liverpool v Arverne Houses, 67 NY2d 878; 1 Chase, Weinstein-Korn-Miller CPLR Manual § 2.09.)
Duffy (supra) is distinguishable from the case at bar. Con Ed commenced the third-party action against Roadway in October 1998, after the expiration of the three-year Statute of Limitations period applicable to the plaintiffs’ negligence claim. (See, CPLR 214 [5].) Unlike the potential defendant in Duffy, Roadway was not a participant in this litigation before the expiration of plaintiffs’ negligence claim. Receipt of the third-party complaint sounding in contract and indemnification, after expiration of the negligence Statute of Limitations, does not put a third party on notice that it would be liable to a plaintiff on a subsequently brought direct negligence complaint. (See, Zaveta v Portelli, 127 AD2d 760.)
Commencement of a third-party action within three years of an occurrence does not automatically mean that a subsequently commenced direct negligence action would “relate back.” Such *83 a broad extension of Duffy (supra) would open an exception that would swallow the rule. The court must analyze the pleadings and surrounding circumstances on a case-by-case basis to determine if the third-party action truly notified the third-party defendant of the transactions or occurrences giving rise to the direct claim. (1 Weinstein-Korn-Miller, NY Civ Prac 203.34.) The court must analyze whether permitting the direct claim would cause undue prejudice and be at odds with the policies underlying the Statute of Limitations; it must use its discretion in deciding whether to permit the direct claim. (Duffy v Horton Mem. Hosp., 66 NY2d, at 477-478.)
This court cannot suggest that the interposition of a third-party complaint for breach of contract or indemnification would always automatically and permanently toll the Statute of Limitations on a plaintiffs direct tort claim against the third party. A close, contextual reading of Duffy (supra) indicates that such a consequence was not intended by the Court of Appeals. Duffy and its progeny never held that a direct claim related back to a third-party pleading if the period of time for direct claims had already expired when the third-party claim was interposed. (See, Liverpool v Arverne Houses, supra.) Indeed, those cases that held the direct claim to be timely did so only when the prior third-party claim had been interposed at a time when a direct claim would have been timely against that litigant. Plaintiffs’ direct action against Roadway is therefore time barred.
II
Plaintiffs argue that Roadway is now barred from asserting the Statute of Limitations defense because Roadway did not assert it to Con Ed’s third-party complaint. However, there was no Statute of Limitations defense to raise to the third-party complaint. The six-year Statute of Limitations for Con Ed’s contract claim had not run (see, CPLR 213 [2]); the claim for indemnification had yet not even accrued. An indemnification claim brought in the course of a pending action is, by definition, always timely since it does not even accrue until the third-party plaintiff, in its capacity as defendant, pays a judgment. (Bellevue S. Assocs. v HRH Constr. Corp., 78 NY2d 282.) Thus, because all third-party claims were timely when raised, Roadway’s nonassertion of the Statute of Limitations was appropriate. It cannot be deemed a waiver of anything, let alone an objection to a stale claim not yet interposed by another party. Because the negligence Statute of Limitations had al *84 ready expired before the third-party claim was interposed, Roadway no longer had any legal or practical reason to foresee that plaintiffs would sue Roadway. A Statute of Limitations is intended to provide a cut-off point where a party knows it is no longer at risk of direct liability. Indeed, Roadway’s reasonable expectation that the passage of three years assured it of freedom from suit is precisely the purpose of the Statute of Limitations.
That branch of Roadway’s motion seeking dismissal of all cross claims and counterclaims is denied without prejudice. Neither movant nor the other parties have submitted copies of the answers to the amended complaint which, presumably, contain such claims. Roadway’s motion did not address Con Ed’s third-party complaint. These issues may be addressed by the trial court as trial motions during trial.
Conclusion
A third-party claim for breach of contract for failure to obtain insurance and for contractual or common-law indemnification does not revive an, already expired period of limitation for negligence; it therefore does not reasonably place a third-party defendant on notice that it may be sued directly for negligence by a plaintiff. Moreover, nonassertion of a Statute of Limitations defense, inapplicable to the pleaded third-party claims, cannot be deemed a waiver of a Statute of Limitations defense to the direct claim.
Accordingly, it is ordered that Roadway Contracting, Inc.’s motion for summary judgment is granted to the extent that plaintiffs’ claims against it in the amended complaint are ordered dismissed; the balance of the action shall continue.[2]

. This claim was not an independent affirmative claim in which Con Ed claimed it was damaged. Rather, it merely stated a common-law indemnification claim: if plaintiff sustained injuries, those injuries were due to plaintiff’s own negligence or Roadway’s negligence for which Roadway is responsible. Significantly, the Court of Appeals has now ruled that no proof of negligence is required in order to sustain a common-law indemnification claim. (Felker v Corning, 90 NY2d 219; Walker v Trustees of Univ. of Pa., 262 AD2d 175.) The pleader’s nomenclature neither controls the nature of the claim nor determines its effect on the litigation.

. Plaintiffs cannot claim undue prejudice by this result. Plaintiffs had years of discovery in this case and were, or should have been, well aware of Roadway’s involvement to have timely commenced a direct action.