■ SEAN P. COOLEY, as Administrator c.t.a. of the Estate of MARGUERITE A. COOLEY, Deceased, Respondent, v ALBERT J. URBAN, Defendant and Third-Party Plaintiff. RAYMOND J. COOLEY, Third-Party Defendant-Appellant. [775 NYS2d 616]—

Appeal from an order of the Supreme Court, Erie County (David J. Mahoney, J.), entered December 12, 2002. The order granted plaintiff's motion to amend the summons and complaint to add third-party defendant as a defendant.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages after decedent was killed when a vehicle operated by decedent's husband, third-party defendant, Raymond J. Cooley (Cooley), collided with a vehicle operated by defendant-third-party plaintiff (defendant). Defendant then commenced a third-party action against Cooley for indemnification or contribution. We previously affirmed the order denying defendant's motion seeking summary judgment dismissing the complaint (*Cooley v Urban,* 1 AD3d 900 [2003]). Plaintiff also commenced a separate action against Cooley seeking to recover damages for decedent's conscious pain and suffering. Plaintiff now seeks to add Cooley as a defendant in this action, asserting, inter alia, a cause of action for wrongful death, despite the expiration of the two-year statute of limitations. We conclude that, because Cooley is a third-party defendant and thus had notice of the action, Supreme Court properly granted plaintiff's motion (*see Duffy v*

*Horton Mem. Hosp.,* 66 NY2d 473, 477 [1985]; *cf. Buran v Coupal,* 87 NY2d 173, 178 [1995]). Contrary to Cooley's contention, the court did not abuse its discretion in determining that the delay in naming Cooley as a defendant did not result in prejudice to him. "[W]here, within the statutory period, a potential defendant is fully aware that a claim is being made against him with respect to the . . . occurrence involved in the suit, and is, in fact, a participant in the litigation, permitting an amendment to relate back would not necessarily be at odds with the policies underlying the Statute of Limitations" (*Duffy,* 66 NY2d at 477). We recognize that, as a defendant, Cooley is not entitled to a defense or indemnification from his insurer, inasmuch as the complaint alleges negligence with respect to the death of his wife (*see* Insurance Law § 3420 [g]). That alleged prejudice, however, does not preclude the amendment to the complaint inasmuch as Cooley would be in that position regardless of whether he had been named a defendant when the action was commenced (*see generally Fahey v County of Ontario,* 44 NY2d 934, 935 [1978]; *Omni Group Farms v County of Cayuga,* 199 AD2d 1033, 1034 [1993]). Present—Pine, J.P., Wisner, Scudder, Kehoe and Lawton, JJ.