**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BIN-JIANG TAO, | No. 09-56992 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-5722-R-MLR |
| v. | |
| CITIBANK, N.A. and COMPUTERSHARE TRUST COMPANY, N.A., | MEMORANDUM[1] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted June 10, 2011
Pasadena, California

Before: RYMER, TROTT, Circuit Judges, and MCNAMEE,[2] Senior District
Judge.

Appellant Bin-Jiang Tao ("Tao") appeals the district court's (1) denial of his

motion to remand based on the existence of federal jurisdiction under 12 U.S.C. §

---

[1]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[2]    The Honorable Stephen M. McNamee, Senior United States District
Judge for the District of Arizona, sitting by designation.

632 and (2) dismissal of his claims under Federal Rule of Civil Procedure 12(b)(6) as barred by New York's statutes of limitations. We affirm.

The district court properly found jurisdiction and denied Tao's Motion to Remand. First, contrary to Tao's assertions, under the plain language of § 632 "any defendant" may remove an action to federal court. See Weznoski v. Citicorp, 480 F. Supp. 1056, 1058 (N.D. Cal. 1979); compare 28 U.S.C. § 1441(a) (requiring removal by "the defendant or defendants"). Thus, removal was proper even if Computershare, NA failed to join the removal petition.

Second, Citibank satisfied the requirement under § 632 that the defendant must be an American corporation. Tao, in his Complaint alleges Citibank was an American corporation, and he provides no reason for us to doubt this allegation. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Third, Tao's contention that his claims based on the 1933 transaction do not arise from international banking or financial operations and require remand is unpersuasive. When viewed as a deposit of gold and foreign currency, as Tao's fifth and sixth claims allege, the transaction would clearly fall within § 632's definition of banking activities or services. Alternatively, if the transaction is viewed as a purchase and sale of 300 million shares of Citibank stock, as Tao's fourth claim requests, the claims would still arise from "international or foreign

-2-

financial operations," which are defined to include operations by banks or corporations to raise capital, including through the sale of securities. See Black's Law Dictionary 707 (9th ed. 2009) (defining "financing" as "[t]he act or process of raising or providing funds"); id. (defining "equity financing" as "[t]he raising of funds by issuing capital securities (shares in the business) rather than making loans or selling bonds"); see also Bank of Am. Corp. v. Lemgruber, 385 F. Supp. 2d 200, 215 n.13 (S.D.N.Y. 2005); Stamm v. Barclays Bank of N.Y., 960 F. Supp. 724, 728 (S.D.N.Y. 1997); Travis v. Nat'l City Bank of N.Y., 23 F. Supp. 363, 366 (E.D.N.Y. 1938).

Tao next contends that the district court erred in dismissing his claims as barred by New York's statutes of limitations. The district court relied on our decision in Huynh v. Chase Manhattan Bank, 465 F.3d 992 (9th Cir. 2006), to determine that Tao's claims were barred by New York law. In Huynh, a proposed class of Vietnamese investors sought the return of deposits made in the Saigon branches of Citibank, Chase Manhattan, and Chiang Tung Bank before the branches closed in April 1975. Id. at 996. The Court conducted a choice-of-law analysis to determine that (1) California did not have a substantial interest in the plaintiffs' claims, (2) New York had a more significant interest in the claims, and (3) New York statutes of limitation began to run when the Saigon branch closed.

Id. at 1001-04. Under New York's six-year statute of limitations for bank deposits, Plaintiff's claims were barred. Id. at 1003.

As in Huynh, New York law applies to this case and bars Tao's claims. First, maintenance of Tao's claims would serve no substantial interest of California. Tao asserts that California has a substantial interest in his claims as the place of his permanent residence and place of demand. We have previously rejected this argument. As in Huynh, California is merely Tao's current residence and the place where he happened to seek performance. See Huynh, 465 F.3d at 1001-02. California had no connection with this case when the deposits were made or when the Shanghai Branch closed. The alleged contracts were executed in China with a New York bank. See id. Further, assuming demand was possible in California, the fact that Tao presented the notes there is itself insufficient to create a substantial interest. See id.; see also Edelmann v. Chase Manhattan Bank, 861 F.2d 1291, 1296 (1st Cir. 1988) (stating that the place of demand had merely a "fortuitous" connection and no substantial interest in certificates of deposits redeemable worldwide).

Second, New York has a more significant relationship to the parties and occurrence than California. Excepting China, New York was the only jurisdiction connected to the case at the time of contract and was the law the parties might have

reasonably expected to govern disputes over the transactions. Furthermore, Citibank's New York headquarters, not the Los Angeles Branch, is the site of any debt owed Tao and is ultimately responsible for the repayment of any deposits made in the Shanghai Branch in the 1930s. See Huynh, 465 F.3d at 1002 n.10 (citing Edelmann, 861 F.2d at 1294-96).

Finally, New York law bars Tao's claims. Under New York law, a cause of action on a bank deposit generally begins to accrue "from the demand for repayment or return." N.Y. C.P.L.R. 206(a)(2). Similarly, a cause of action for conversion begins to accrue after the refusal of a demand for return of the property. N.Y. C.P.L.R. 214. Even assuming demand was not rendered futile by the closing of the Shanghai branch, Tao's claims are barred by unreasonable delay. Under New York law, "[w]here demand and refusal are necessary to start a limitations period, the demand may not be unreasonably delayed." DeWeerth v. Baldinger, 836 F.2d 103, 107 (2d Cir. 1987) (citing cases). This is particularly true when the delayed demand would result in a defendant being subject to "ancient obligations" where "[t]he evidence has been lost, memories have faded, and witnesses have disappeared." Duffy v. Horton Mem'l Hosp., 488 N.E.2d 820, 823 (N.Y. 1985)(internal quotation marks omitted); see also Rahanian v. Ahdout, 694 N.Y.S.2d 44, 47 (N.Y. App. Div. 1999).

This transaction took place nearly 80 years ago. Even disregarding the 60 years between the transactions and Tao's receipt of the certificates, it is undisputed that Tao took possession of the certificates and lived in the United States for nearly two decades before making demand. Such a delay is unexplained, and, under the circumstances of this case, unreasonable. Therefore, Tao's first, second, third, and sixth claims concerning return of a bank deposit and conversion are barred due to unreasonable delay.

Tao's fifth claim arises out of a transaction Tao characterizes as both a deposit and a stock purchase. If the transaction were a deposit, then the claim is barred due to unreasonable delay in rendering a demand. If it were a stock purchase, then the claim is barred due to unreasonable delay in demanding a stock transfer. Finally, if Tao instead is seeking to rescind the stock purchase agreement, he has failed to allege mistake or fraud. N.Y. C.P.L.R. 213(6).

The fourth claim asks us to declare his rights under a will. Assuming we have jurisdiction to do so, the Complaint fails to set forth facts showing the existence of an actual controversy *between the parties*. See Marshall v. Marshall, 547 U.S. 293, 310-11 (2006); City of Colton v. Am. Promotional Events, Inc.-West, 614 F.3d 998, 1004-05 (9th Cir. 2010).

Tao attempts to distinguish his claims on the 1930 deposit by arguing that

the bank notes he presented are negotiable instruments of unlimited duration under New York's Uniform Commercial Code ("U.C.C."). Under the U.C.C., he contends, the statutes of limitations could not have started to run until 2008 when he presented the notes and Citibank refused to pay. Tao's appeal to the U.C.C. is unavailing. Even if the notes are considered negotiable instruments, the New York U.C.C., by its terms, does not apply to transactions entered into before 1964. N.Y. U.C.C. §§ 13-102, 13-105. Transactions entered before that date are subject to the New York Negotiable Instrument Law ("NIL"). See In re Appliance Packing & Warehousing Corp., 475 F.2d 1011, 1012-13 (2d Cir. 1973). Under the NIL, "where it [the instrument] is payable on demand, presentment must be made within a reasonable time after its issue." 1909 N.Y. Neg. Inst. Law § 131 (Heinonline 1909) (repealed effective Sept. 27, 1964 as to transactions occurring after that date); Commercial Nat'l Bank v. Zimmerman, 77 N.E. 1020, 1021 (N.Y. 1906) (interpreting substantively identical 1896 version of the statute). As we have noted, Tao's demand was not made within a reasonable time. Therefore, under the NIL, Tao's claims are barred.

All of Tao's claims are barred by the statutes of limitations of New York, a state that has a more significant relationship to the parties and the occurrence than

California.[3]

Finally, Tao contends he should be given leave to amend his Complaint. However, leave to amend need not be granted if amendment is futile. See Foman v. Davis, 371 U.S. 178, 182 (1962). Regardless of the way Tao characterizes the transactions or the attached exhibits, his claims are time-barred by the statutes of limitations and he could not amend the Complaint in such a manner as to assert viable claims. Albrecht v. Lund, 845 F.2d 193, 195-96 (9th Cir. 1988).

For the foregoing reasons, the decision of the district court is **AFFIRMED**.

---

[3]At oral argument, Tao's counsel, for the first time, argued that California's borrowing statute, Cal. Civ. Proc. Code § 361, applies to the case. Tao has waived this argument. See Christian Legal Soc'y of Univ. Of Cal. V. Wu, 626 F.3d 483, 485 (9th Cir. 2010).