Weckbecker v Skanska USA Civ. Northeast, Inc. (2019 NY Slip Op 04749)





Weckbecker v Skanska USA Civ. Northeast, Inc.


2019 NY Slip Op 04749


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-03401
 (Index No. 607269/15)

[*1]Charles Weckbecker, et al., respondents,
v
Skanska USA Civil Northeast, Inc., et al., defendants, URS Corporation/Malcolm Pirnie, Inc., A Joint Venture, et al., appellants (and a third-party action).


Lewis Johs Avallone Aviles, LLP, New York, NY (Kevin J. Mescal of counsel), for appellant URS Corporation, individually and as a member of the URS/Malcolm Pirnie Joint Venture, named herein as URS Corporation/Malcolm Pirnie, Inc., A
Joint Venture, and Lawrence, Worden, Rainis & Bard, P.C., Melville, NY (Gail J. McNally of counsel), for appellant Malcolm Pirnie, Inc., individually and as a member of the URS/Malcolm Pirnie Joint Venture, named herein as URS Corporation/Malcolm Pirnie, Inc., A Joint Venture (one brief filed).
Wood, Smith, Henning & Berman LLP, New York, NY (Nancy Quinn Koba and Eric R. Horvitz of counsel), for appellant Sound Environmental Associates, LLC.
Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants URS Corporation/Malcolm Pirnie Inc., a Joint Venture, and Sound Environmental Associates, LLC, separately appeal from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered February 28, 2017. The order denied those defendants' separate motions pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against each of them as time-barred.
ORDERED that the order is reversed, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, and the separate motions of the defendants URS Corporation/Malcolm Pirnie, Inc., a Joint Venture, and Sound Environmental Associates, LLC, pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against each of them as time-barred are granted.
On November 29, 2012, the plaintiff Charles Weckbecker (hereinafter the injured plaintiff) allegedly was injured when he slipped and fell at a construction site. At the time of the accident, the injured plaintiff was working for Schlesinger Siemens Electrical (hereinafter Siemens), one of five prime contractors on the construction project. On November 9, 2015, the injured plaintiff, and his wife suing derivatively, commenced this personal injury action against two other prime contractors, Skanska USA Civil Northeast, Inc. (hereinafter Skanska), and Schiavone Construction Co., LLC. On September 9, 2016, Skanska commenced a third-party action against the construction manager, URS Corporation/Malcolm Pirnie Inc., a Joint Venture (hereinafter URS), [*2]and Siemens' site-safety consultant, Sound Environmental Associates, LLC (hereinafter Sound), asserting causes of action sounding in negligence and common-law indemnification. On September 19, 2016, the plaintiffs, pursuant to CPLR 1009, filed an amended complaint, naming URS and Sound as additional defendants. Thereafter, URS and Sound separately moved pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against each of them as time-barred. In an order entered February 28, 2017, the Supreme Court denied the motions. We reverse.
Since the applicable three-year statute of limitations (see CPLR 214) expired prior to the commencement of the third-party action, the plaintiffs were required to demonstrate the applicability of the relation-back doctrine (see Boodoo v Albee Dental Care, 67 AD3d 717; Hemmings v St. Marks Hous. Assoc.,169 Misc 2d 155 [Sup Ct, Kings County], affd 242 AD2d 284; Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 1009). To establish the applicability of this doctrine, a plaintiff must demonstrate that (1) both claims arose out of the same conduct, transaction, or occurrence; (2) the new party is united in interest with the original defendant; and (3) the new defendant knew or should have known that, but for an excusable mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against him as well (see Buran v Coupal, 87 NY2d 173, 178; Uddin v A.T.A. Constr. Corp., 164 AD3d 1400, 1401).
Here, although the claims arose out of the same occurrence, the plaintiffs failed to establish that the new defendants, URS and Sound, were united in interest with the original defendants. "In a negligence action, the defenses available to two defendants will be identical, and thus their interests will be united, only where one is vicariously liable for the acts of the other'" (Xavier v RY Mgt. Co., Inc., 45 AD3d 677, 679, quoting Connell v Hayden, 83 AD2d 30, 45; see Mileski v MSC Indus. Direct Co., Inc., 138 AD3d 797, 800; LeBlanc v Skinner, 103 AD3d 202, 210). There is no evidence in the record that would support the conclusion that URS and Sound had a relationship with either of the original defendants which would make them vicariously liable for their negligence (see Kammerzell v Clean Burn, Inc., 165 AD3d 768, 769; Berkeley v 89th Jamaica Realty Co., L.P., 138 AD3d 656, 659). Additionally, URS and Sound have manifestly different defenses from those of the original defendants (see Arsell v Mass One LLC, 73 AD3d 668, 669). Moreover, the plaintiffs failed to offer any evidence to establish that URS and Sound should have known that, but for an excusable mistake as to the identity of the proper parties, the action would have been brought against them as well (see Berkeley v 89th Jamaica Realty Co., L.P., 138 AD3d at 659; Sally v Keyspan Energy Corp., 106 AD3d 894, 897). Accordingly, the Supreme Court should have granted the separate motions of URS and Sound pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against each of them as time-barred.
SCHEINKMAN, P.J., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court