S.F. v Friedman (2025 NY Slip Op 06991)

S.F. v Friedman

2025 NY Slip Op 06991

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LILLIAN WAN
PHILLIP HOM, JJ.

2024-04182
 (Index No. 508239/17)

[*1]S.F., etc., et al., appellants,
v
Eliezer Friedman, et al., defendants; Jacob Indig, third-party defendant-respondent.

Herschel Kulefsky (Ephrem J. Wertenteil, New York, NY, of counsel), for appellants.
Harwood Lloyd LLP, New York, NY (Colin J. Fitzpatrick of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Aaron D. Maslow, J.), dated July 7, 2023. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for leave to serve a supplemental summons and amended complaint to add the third-party defendant, Jacob Indig, as a direct defendant.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the plaintiffs' motion which was for leave to serve a supplemental summons and amended complaint to add the third-party defendant, Jacob Indig, as a direct defendant is granted.
In May 2013, the infant plaintiff allegedly sustained injuries when, while riding a bicycle, he was struck by a vehicle owned by the defendant Benjamin Friedman and operated by the defendant Eliezer Friedman. In April 2017, the infant plaintiff, by his father and natural guardian, and his father, individually, commenced this action, inter alia, to recover damages for personal injuries. In August 2020, the defendants commenced a third-party action against the third-party defendant, Jacob Indig, for contribution, alleging that the infant plaintiff was a passenger on a bicycle operated by Indig.
In December 2022, the plaintiffs moved, among other things, for leave to serve a supplemental summons and amended complaint to add Indig as a direct defendant. In an order dated July 7, 2023, the Supreme Court, inter alia, denied that branch of the plaintiffs' motion. The plaintiffs appeal.
CPLR 3025(b) provides that leave to amend or supplement a pleading "shall be freely given upon such terms as may be just." "Prejudice is more than the mere exposure of the [party] to greater liability" and the burden of establishing such prejudice rests on the party opposing the amendment (Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [internal quotation marks omitted]; see Christiana Trust v Corbin, 219 AD3d 686, 689). Moreover, the "mere lateness" of a motion for leave to amend, in and of itself, is insufficient to warrant denial absent a showing of significant [*2]prejudice to the opposing party (Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959; see Ditech Fin., LLC v Khan, 189 AD3d 1360, 1362).
Where a third-party defendant has been impleaded before the limitations period has run, that party has actual notice of the precise facts and theories of liability at issue (see Duffy v Horton Mem. Hosp., 66 NY2d 473, 478). Consequently, once impleaded, a third-party defendant "must gather evidence and vigorously prepare a defense" (id.). "There is no temporal repose" from the date of impleader, and if the plaintiff thereafter seeks to assert direct claims against that same third-party defendant after the statute of limitations has expired, such claims may properly relate back to the date of service of the original third-party complaint (id.).
Here, Indig was impleaded before the statute of limitations period expired. He received and served discovery demands, obtained the plaintiffs' discovery responses, and actively defended the action, thereby manifesting an awareness that his potential liability was in issue. Contrary to Indig's contentions, merely having to face direct liability, as opposed to remaining only a third-party defendant, does not establish legally cognizable prejudice (see Kimso Apts., LLC v Gandhi, 24 NY3d at 411; see also Park v Home Depot U.S.A., Inc., 183 AD3d 645, 646). Moreover, because a third-party defendant impleaded within the limitations period has ample opportunity to investigate and prepare a defense, Indig cannot credibly claim that the lapse of time since the accident occurred warrants denial of the motion (see Duffy v Horton Mem. Hosp., 66 NY2d at 477-478).
Under these circumstances, the Supreme Court should have granted that branch of the plaintiffs' motion which was for leave to serve a supplemental summons and amended complaint to add Indig as a direct defendant.
BARROS, J.P., WARHIT, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court